

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00004-CR

JOHN TURNER GRAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th District Court
Collin County, Texas
Trial Court No. 366-81875-2014

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

John Turner Gray keyed his ex-girlfriend's 2010 Chevrolet Camaro and threw a rock at its hood. After a jury convicted Gray of criminal mischief, he was sentenced to 180 days' confinement in state jail and was ordered to pay a $1,800.00 fine. On appeal,[1] Gray challenges the legal sufficiency of the evidence to support the finding that the pecuniary loss amounted to $1,500.00 or more.[2] Because we find the evidence legally sufficient, we affirm the trial court's judgment.

## I. Standard of Review

In evaluating legal sufficiency of the evidence, we must review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the elements of the offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hollaway v. State*, 446 S.W.3d 847, 851 (Tex. App.—Texarkana 2014, no pet.); *Estrada v. State*, 334 S.W.3d 57, 61 (Tex. App.—Dallas 2009, no pet.).

"In our examination, we defer to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hollaway*, 446 S.W.3d at 851 (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). "Legal sufficiency of the evidence is measured

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]In companion cases 06-16-00003-CR, 06-16-00005-CR, and 06-16-00006-CR, Gray also appeals from a conviction of aggravated assault causing bodily injury and two convictions of continuous violence against the family.

by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* (quoting *Malik*, 953 S.W.2d at 240); *see Estrada*, 334 S.W.3d at 61. The indictment alleged that Gray,

> intentionally and knowingly[,] damage[d] or destroy[ed] tangible property, to-wit: Chevrolet motor vehicle, by scratching the motor vehicle with a key and by throwing a rock onto the hood of the motor vehicle, without the effective consent of Ashley Erck, the owner of said property, and did thereby cause pecuniary loss of $1,500 or more but less than $20,000 to the said owner.

Gray challenges only the finding that the pecuniary loss suffered by Erck was $1,500.00 or more.

## II. Analysis

Under the law in effect at the time of the offense, criminal mischief was a state jail felony if the amount of pecuniary loss was $1,500.00 or more, but less than $20,000.00. *See* Act of May 23, 2009, 81st Leg., R.S., ch. 638, § 1, 2009 Tex. Gen. Laws 1433, 1433 (amended 2015) (current version at TEX. PENAL CODE ANN. § 28.03(b) (West Supp. 2015)). Under Chapter 28 of the Texas Penal Code, the amount of pecuniary loss "if the property is damaged, is the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." TEX. PENAL CODE ANN. § 28.06(b) (West Supp. 2015).[3]

Erck testified that Gray keyed her car door and threw a rock on the hood of the car. The jury saw the deep scratch caused by Gray's keying of the car's door and the smaller scratches

---

[3]Erck's insurance company did not total the car; the car was not destroyed.

3

caused by the rock. Nathan Herrington, an employee of Service King, an auto-body repair shop, testified that Erck's father brought the car to them for repair. The Service King "Repair Order Bill" demonstrated that the cost to remove and replace the car hood was $647.00, and the cost to remove and replace the door was $995.00, plus labor. Herrington estimated that, with the labor cost, the cost to repair the hood was $900.00, and the cost to replace the car door was $1,300.00.

Gray argues that the evidence was legally insufficient to demonstrate the amount of pecuniary loss because, during cross-examination, Herrington testified that he would have repaired and repainted the damaged parts instead of replacing them. Thus, Gray argues that the damages should have been calculated using cost of repair, which was less than the cost to replace the damaged parts of the car. However, Herrington testified that Service King actually replaced the car door and hood.

We conclude that Service King's repair services bill, combined with Herrington's testimony, constituted legally sufficient evidence from which a rational jury could conclude that Erck suffered pecuniary loss of $1,500.00 or more. Accordingly, we overrule Gray's sole point of error.

**III. Conclusion**

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     June 16, 2016
Date Decided:       June 17, 2016

Do Not Publish

4